FINDINGS OF FACT AND CONCLUSIONS OF LAW
WHEAT, C. J.
This cause came on to be heard at this term on the issue framed by the order of October 11, 1935, namely, was there a compliance with the condition of the bond requiring immediate written notice with all available facts upon the discovery of any evidence- of loss forming the basis of a claim thereunder and was the said notice given within thirty days after such discovery, and the further issue submitted upon agreement of counsel as to whether there was a waiver of and estoppel to require a compliance with the said condition, as alleged in the amendment to the bill of complaint, filed as of December 5, 1935, and denied in the answer to said amendment and the issue framed thereon, and the court finds the facts as follows:
1. Plaintiff alleges that in the years 1920 and 1921, A. D. Cummins & Company, Inc., was employed in the man *181 agement and operation in the foreign commerce of the United States of certain merchant vessels owned by plaintiff, pursuant to the terms of certain written agreements, designated as M2, 02, and M03 agreements, and true copies thereof are attached to the bill of complaint, as Exhibits A, B, and 0, and by reference incorporated in this finding of fact.
2. A. D. Cummins & Company, Inc., as principal, and the defendant, The Aetna Casualty & Surety Company, duly executed and delivered two bonds, one of which contained, and the other of which is alleged by plaintiff to have contained, the following provisions, among others:
“Now, Therefore, the conditions of this obligation is such that if the above bounden A. D. Cummins & Company, Inc., shall well and truly save the said Corporation harmless against such pecuniary loss as the Corporation shall sustain by any act of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or willful misapplication of any moneys of funds that may come into the possession or control of A. D. Cummins & Company, Inc., during the life and by reason of the aforesaid agreement, and shall properly account for, receive and disburse said funds, including the prompt payments to the said Fleet Corporation of the amounts required by°the terms of the aforesaid agreement, and at the expiration or earlier termination of its position, shall faithfully account for and turn over to the said United States Shipping Board Emergency Fleet Corporation, any moneys, property or other funds for which it may be accountable, then this obligation shall be void, else to remain in full force and effect.
“This bond is given subject to the following conditions:
“First: Upon the discovery by the Corporation of any evidence of loss forming the basis of a claim hereunder, the Corporation shall give to the Surety, at its Home Office, immediate written notice thereof, with all available facts, and in any event within thirty days after such discovery, *182 and shall afford the Surety every reasonable facility for investigating the same. Payment of any such loss shall be made by the Surety promptly, after receipt from the Corporation of satisfactory statement thereof. Upon the payment of a loss the Surety shall be subrogated to all of the rights of the Corporation with respect thereto; and the Corporation will execute any and all papers reasonably required by the Surety, to effectuate that purpose.”
3. The plaintiff alleges that during the years 1920 and 1921, the following named vessels were assigned by plaintiff’s agent, the Fleet Corporation, to A. D. Cummins & Company, Inc., and were managed and operated by it pursuant to the terms of the M2 and 02 agreements, viz.: “Alapana,” “Bulana,” “Delgade,” “Mayport,” “West-wood,” “Scantic,” “Fairfield,” “The Lambs” and “Mahaska,” and plaintiff alleges that during the same period, the following named vessels were assigned by plaintiff’s said agent to A. D- Cummins & Company, Inc., and were managed and operated by it pursuant to the terms of the M03 agreement, viz.: “Arizpa,” “Balosaro,” “Bonnie Brook,” “Lake Flag,” “Lake Harminia,” “Naamhok,” “Cascade” and “Westmount.”
4. The operation of all vessels under contract alleged to be secured by the bonds in suit was terminated in June, 1921. In June of 1921 and again in November of 1921 the Fleet Corporation discovered evidence of loss forming the basis of the claim under the bonds. No notice was given to The Aetna Casualty & Surety Company of the discovery of evidence of loss until May 26,1924.
5. An audit was taken by the Fleet Corporation which has been offered in evidence as the first complete statement of accounts of A. D. Cummins & Company with the Fleet Corporation, which was not completed and submitted by the Fleet Corporation’s auditors to any executive official of the Fleet Corporation until some time during the month of May, 1924.
*183 6. The subsequent conduct of the Aetna Casualty & Surety Company in its dealings with the Fleet Corporation was not such as to mislead the Fleet Corporation, nor did any prejudice to the Fleet Corporation result therefrom.
7. There was no intention on the part of the Aetna Casualty & Surety Company to waive a compliance with the condition of the bond, nor did it waive such compliance. There is no estoppel against the Aetna Casualty & Surety Company asserting the failure to comply with the condition of the bond.
CONCLUSIONS OP LAW
1. That the provision in the bond quoted in the findings of fact No. 2 was a condition precedent to liability and failure to give the notice bars recovery on the bonds.
2. That the Aetna Casualty & Surety Company is not estopped from claiming such default, nor has it waived it.